## States v. Stapleton.

*James L. Colbert*, for plaintiff; *Harry W. Petriken*, for defendant.

POTTER, P. J., 17th judicial district, specially presiding, April 1, 1930.— From the files in this case we gather that the defendant owed the plaintiff the sum of $118.50, with interest from May 12, 1924, on an obligation not containing a waiver of inquisition. An execution was issued, by virtue of

which the sheriff levied upon the real estate of the defendant. Apparently, no personal property was found. The sheriff, on Feb. 11, 1930, notified the defendant that an inquisition would be held on Feb. 17, 1930, at 10 o'clock A. M., at his office. The inquisition was held on the date named and the jury returned that the rents, issues and profits of the real estate levied upon would not pay the debt within seven years, and, therefore, condemned the same. Exceptions were filed to this inquisition and we now have them before us for disposition.

The first exception sets up that at least one of the jurors was not a freeholder. We see no necessity for any of the jurors to be freeholders. The act does not say they shall be. In this case we are proceeding under the Act of May 10, 1881, P. L. 13, which provides that the jury shall consist of six *men*. Not a word is said about them being freeholders. We cannot read into the statute words that are not placed there by the legislature. Our function is to interpret the laws, not to legislate them. If the law makers of our state intended the jury to consist of freeholders, no doubt they would have said so in the act. In our opinion, the legislature intended this, as in other cases, to be left to the discretion and common sense of the sheriff to summon discreet men of good judgment as jurors. A sheriff is regarded as a man among men in his bailiwick, or he would not be chosen. And it is left to his good judgment to select his own jurors on an inquisition. He is primarily responsible. Neither does the law point out any particular class of men to serve on a coroner's jury, nor on a jury to hear cases before a justice of the peace. But the selection of such jurors is left to the sound judgment of the officer choosing them. He is supposed to select such men as are apt and reliable. And, we may well ask, what could be gained by requiring freeholders alone to be qualified to sit as jurors on an inquisition? Many men not freholders are better qualified to sit as jurors than many men who are freeholders. It is not saying that because a man may own an acre of land, he is better qualified than a man who has his funds invested otherwise, who may well have a mental concept in advance of a freeholder who owns a tract of land. We think this exception is void of merit as things are conducted at this date.

The second exception complains that the notice required by law was not given the defendant. The lawful notice required by the act is five days. From the files before us we must gather that the notice of the time and place of the inquisition was issued and served on Feb. 11, 1930. The inquisition was held on Feb. 17, 1930, which would give the defendant six days' notice, one day more than is required. This exception is also without merit.

The third exception states that the return does not set out the value of the property condemned, nor does it set out the rental value thereof. We know of no law requiring the value of the property to be stated in the return. It is sufficient if the jury return that the clear yearly value (meaning the yearly rental) beyond all reprizes is not sufficient within seven years to satisfy the debt and damages. This is what the jury is for. A property might be intrinsically valued at much more than the annual rental might realize, which would not assist in arriving at yearly income. From the evidence submitted to the jury, they are the ones to arrive at the yearly income, and their return is conclusive, unless there appears an apparent abuse of discretion, and we, in this case, have no evidence of any such.

The fourth exception states that there was no legal proof before the jurors of the value of the property. We do not know if there was or not. We presume the jurors had before them such testimony and proof as would enable them to perform their duty in a legal manner. If this is not true, there should

be proof before us to show the contrary. There being none, we must presume they discharged their duties in accordance with the oath each one took.

We think we have covered the questions presented to us, and that further discussion is unnecessary.

And now, to wit, April 1, 1930, the exceptions are all dismissed. An exception is noted for the defendant and a bill is sealed.

From R. W. Williamson, Huntingdon, Pa.